UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,              Case No. 22-cr-20264

v.                                  Honorable Robert H. Cleland

D-2 Chaz Duane Shields,

        Defendant.

## Stipulated Preliminary Order of Forfeiture

Plaintiff, by and through its undersigned attorney, together with the defendant, Chaz Duane Shields, by and through his attorney, Arthur J. Weiss, (collectively, the Parties), submit this Stipulated Preliminary Order of Forfeiture to the Court for immediate entry. Defendant Chaz Duane Shields has consulted with his attorney, and concurs in this stipulation. The Parties stipulate and agree to the following:

On August 22, 2022, a Second Superseding Information was filed charging the defendant in Count One with Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349 and in Count Two with Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. § 1349. (ECF No. 80).

On August 23, 2022, the defendant entered into a Rule 11 Plea Agreement

(Rule 11), and pleaded guilty to Counts One and Two of the Second Superseding Information. (ECF No. 88, PageID.318).

In the Rule 11 the defendant agreed, pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461, to forfeit to the United States any and all property, real or personal, which constitutes proceeds obtained or derived, directly or indirectly, from the defendant's violations of 18 U.S.C. § 1349, including but not limited to the defendant's interest in the following assets:

1. $1,490.00 U.S. Currency;
2. One 10kt yellow, rose and white gold diamond tennis necklace (GSJ with pendant "In finesse I trust");
3. One 10kt yellow, rose and white gold diamond Cuban link necklace (GSJ with pendant "In finesse I 't'rust"); and
4. One 18kt rose gold Patek Philippe Nautilus automatic watch, ref: 5711/1R, Model: A384DAP

("Subject Assets").

Forfeiture Money Judgment: Defendant also agreed to the entry of a forfeiture money judgment against him in favor of the United States. The money judgment shall be in the amount of $2,122,644.00, representing the proceeds the defendant obtained or derived, directly or indirectly, from his violation of Counts One and Two of the Information. Defendant agreed that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of the defendant. To satisfy the money judgment, defendant explicitly agreed to the forfeiture of any assets he has now, or may later acquire, as

substitute assets under 21 U.S.C. § 853(p)(2) and waived and relinquished his right to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise. The Forfeiture Money Judgment shall be reduced by the value of the Subject Assets ultimately forfeited to the Unites States.

    The defendant further agreed to give up and abandon any right, title, and interest he may have in the 2017 BMW, VIN: WBS6G9C54HD932328, that was seized in connection with this case. The defendant agreed to abandon all claims to such property, waives any rights to be notified in reference to such property, and waives any further right or proceeding(s) relative to such property.

    The defendant agreed to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following defendant's guilty plea, upon application by the United States as mandated by Fed. R. Crim. P. 32.2. The defendant acknowledged that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waived any failure by the court to advise him of this, pursuant to Rule l l(b)(l)(J), at the time his guilty plea was accepted.

    The defendant further agreed to waive any challenge to the forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

The defendant agreed to hold the United States and its agents and employees harmless from any claims whatsoever in connection with the seizure and forfeiture of any property.

The defendant's counsel, Arthur J. Weiss, affirms that he has discussed the forfeiture of the Subject Assets with the defendant and that the defendant consents to the entry of an order forfeiting the Subject Assets.

Based on the defendant's guilty plea and Rule 11, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461, and Federal Rule of Criminal Procedure 32.2, **IT IS HEREBY ORDERED THAT:**

1. Defendant Chaz Duane Shields' interest in the Subject Assets **IS HEREBY FORFEITED** to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461, and Federal Rule of Criminal Procedure 32.2. Further, any right, title, or interest of the defendant and his successors and assigns in the Subject Assets is hereby and forever **EXTINGUISHED**.

2. Upon entry of this order, the United States shall publish on www.forfeiture.gov, notice of this preliminary forfeiture order and of its intent to dispose of the Subject Assets in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person, other than the

defendant, asserting a legal interest in the Subject Assets may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Assets. The petition must identify petitioner's alleged right, title, or interest in the Subject Assets, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Assets, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Assets.

3. A personal forfeiture money judgment in the amount of two million one hundred twenty-two thousand six hundred forty-four dollars ($2,122,644.00) is entered against Defendant Chaz Duane Shields in favor of the United States. The forfeiture money judgment shall be reduced by the value of the Subject Assets ultimately forfeited to the United States.

4. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Order shall become final as to the defendant at sentencing. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Rule 32.2(c)(2).

5. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2.

Agreed as to form and substance:

DAWN N. ISON
United States Attorney

s/Cassandra M. Resposo
Cassandra M. Resposo (IL 6302830)
U.S. Attorneys Office
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9736
Email: Cassandra.Resposo@usdoj.gov

Dated: December 30, 2022

s/Arthur J. Weiss (with consent)
Arthur J. Weiss
Attorney for Chaz Shields
30445 Northwestern Highway
Suite 225
Farmington Hills, Michigan 48334
(248) 855-5888
Email: arthurjweiss@ajweisslaw.com

Dated: January 13, 2023

*******************************************

**IT IS SO ORDERED.**

Dated: January 31, 2023

        **s/Robert H. Cleland**
        Hon. Robert H. Cleland
        United States District Judge